IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3147-M

| | | |
|---|---|---|
| DAVID PECHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MR. HERRING, MR. GRAY, MR. | ) | |
| FONVILLE, SGT. SIMPSON, and MS. | ) | |
| COLEY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to appoint counsel (D.E. 9), for preliminary and mandatory injunction (D.E. 10, 15, 16, 17, 25), for documents to be entered into evidence (D.E. 19, 22), and for the court to examine plaintiff's prison records (D.E. 20).

BACKGROUND

Plaintiff alleges in his complaint that defendants at Maury Correctional Institution failed to adequately protect him from other inmates threatening him in violation of the Eighth Amendment. (Compl. (D.E. 1) at 5). Plaintiff was placed into protective custody after he wrote a grievance regarding his safety concerns. (Id.). However, prison officials tried to move plaintiff back into the general population when plaintiff was continuing to be threatened. (Id.). Plaintiff refused out of fear of being killed, and he was written up for refusing housing. (Id.). As relief, plaintiff seeks: (1) to have "the court to make them stop writing [him] up for refusing housing and leave [him] in protected custody [and] quit trying to force [him] back into population where [he

will] be killed [and] ship [him] far far away from this prison where gang members want [him] dead;" and (2) "money for the write[-]ups[,] $10.00 a write[-]up, [and] court cost[s]." (Id.).

## COURT'S DISCUSSION

A.  Motion to Appoint Counsel (D.E. 9)

The court begins with plaintiff's motion to appoint counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The presence of "exceptional circumstances" depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa, 490 U.S. 296 (1989) (citation omitted); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel. Further, plaintiff's filings demonstrate his ability to proceed pro se. Accordingly, the court denies plaintiff's request to appoint counsel.

B.  Motions for Preliminary and Mandatory Injunction (D.E. 10, 15, 16, 17, 25)

The court next addresses plaintiff's motions for a preliminary and mandatory injunction. Plaintiff seeks: (1) the names of the inmates threatening him, (First Mot. Inj. (D.E. 10) at 1; Second Mot. Inj. (D.E. 11) at 1–2; Fourth Mot. Inj. (D.E. 16) at 1); (2) to be moved to a different pod, protective custody, or a different prison, (First Mot. Inj. (D.E. 10) at 1; Second Mot. Inj. (D.E. 11) at 1–2; Fifth Mot. Inj. (D.E. 17) at 1); (3) to be taken to the courthouse to swear out warrants against the inmates threatening him, (Fourth Mot. (D.E. 16) at 1); and (4) to have retaliation for

2

filing the instant case stop. (Sixth Mot. Inj. (D.E. 25) at 1). Plaintiff also noted his belief that his legal mail was being tampered with. (Third Mot. Inj. (D.E. 15) at 1; Fifth Mot. Inj. (D.E. 17) at 1).

To obtain relief, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief. Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Here, as discussed below, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his complaint. Also, public interest is best served by the court not interfering with prison staff's administrative decisions prior to the claims being addressed on the merits. See Florence v. Board of Chosen Freeholders of Cnty of Burlington, 566 U.S. 318, 328 (2012) (recognizing the need for prison officials to set certain procedures to preserve order and discipline).

Moreover, plaintiff was transferred to a different prison on October 1, 2021. See North Carolina Department of Public Safety, Offender Public Information, https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0316938&searchOffenderId=0316938&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited Mar. 18, 2022). Therefore, the plaintiff's motions are denied.

3

C. Initial Review

1. Legal Standard

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual

4

actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

    2.    Analysis

With respect to plaintiff's Eighth Amendment claims, plaintiff has not offered adequate factual detail explaining how the named defendants were personally responsible for the alleged violations. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."); Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (providing "the official's own individual actions must have violated the Constitution"). In fact, no defendant's name is even mentioned in the recitation of the facts in the complaint. (See Compl. (D.E. 1) at 5).

Accordingly, plaintiff is DIRECTED to file one legible particularized complaint naming the party or parties responsible for his alleged deprivation(s), the injury stemming from the party or parties' actions or inactions, and the alleged facts to support his claim. Plaintiff must connect the defendants with the purported constitutional violation(s). Plaintiff's amended complaint must also be on the court's prescribed form for prisoner civil rights complaints. This directive is not an invitation to make new claims against new defendants. Any particularized complaint will be considered his complaint in its entirely; the court will not review the earlier filings to discern misplaced claims. Any particularized complaint also will be subject to initial review, see 28 U.S.C. § 1915(e)(2)(B).

5

D.  Motions to Enter Documents in Evidence (D.E. 19, 22) and Examine Prison Records (D.E. 20)

Lastly, plaintiff's motions to enter documents into evidence and for the court to examine prison records sound in discovery. A scheduling order governing discovery has not been entered in this action, and such motions are premature. Accordingly, these motions are denied at this time.

## CONCLUSION

Based on the foregoing, the court denies plaintiff's motions to appoint counsel (D.E. 9), for preliminary and mandatory injunction (D.E. 10, 15, 16, 17, 25), for documents to be entered into evidence (D.E. 19, 22), and for the court to examine plaintiff's prison records (D.E. 20). Plaintiff is DIRECTED to particularize his complaint, as set forth above, within **21 days** after entry of this order. The clerk is DIRECTED to send plaintiff the necessary forms. Should plaintiff fail to respond to this order, the clerk is DIRECTED, without further order of the court, to terminate any pending motions as moot and enter judgment dismissing this action for failure to prosecute and failure to respond to a court order.

SO ORDERED, this the 18th day of March, 2022.

RICHARD E. MYERS, II
Chief United States District Judge